# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO HERNANDEZ,<br><br>           Plaintiff,<br><br>   v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>           Defendants. | Case: No. 1:12-cv-01440-AWI-GBC (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO RESPOND TO THE COURT'S ORDER TO SUBMIT AN AMENDED COMPLAINT<br><br>(Doc. 3) |

Alejandro Vargas Hernandez ("Plaintiff") is a federal prisoner currently housed at the Airpark Unit Correctional Center in Big Spring, Texas. On September 4, 2012, Plaintiff filed his original complaint. Doc. 1.[1] On September 18, 2012, the Magistrate Judge struck the complaint for lack of signature and required Plaintiff to file an amended signed complaint within fifteen days. Doc. 3. Plaintiff has failed to timely respond to this order and the mail has be returned as "refused."

**II.     Failure to Comply with Court Order**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

---

[1] The Court notes that the complaint is substantively similar to the several complaints dismissed as for failure to state a claim filed by Young Yil Jo, an inmate at the same prison. *See, e.g.*, *Yil Jo v. Six Unknown Agents*, 1:10-cv-01930-LJO-GBC (dismissed November 17, 2012); *Yil Jo v. Six Unknown Agents*, 1:10-cv-02230-LJO-GBC (dismissed December 6, 2012); *Yil Jo v. Six Unknown Agents*, 1:11-cv-00026-AWI-GBC (dismissed May 17, 2011); *Yil Jo v. Six Unknown Agents*, 1:11-cv-00994-LJO-GBC (dismissed June 20, 2011).

1

appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the requirement. Doc. 3. The Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little

1 available to the Court which would constitute a satisfactory lesser sanction while protecting the
2 Court from further unnecessary expenditure of its scarce resources and the statutory requirement that
3 Plaintiff pays the filing fee to proceed with the complaint.

4     Finally, because public policy favors disposition on the merits, this factor usually weighs
5 against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose
6 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
7 progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d
8 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.
9 Additionally, the complaint is nothing more than rambling, unintelligible gibberish. No public
10 policy is furthered by attempting to resolve this matter on the merits.

11     In summary, the factors decidedly favor dismissal of this case for failure to respond to the
12 September 18, 2012, order. Doc. 3.

14 **<u>Order</u>**

15     Accordingly, IT IS HEREBY ORDERED that Plaintiff's action is DISMISSED WITHOUT
16 PREJUDICE for failure to obey a court order and the Clerk shall CLOSE this case.

18 IT IS SO ORDERED.

19
20 Dated:   October 26, 2012                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE

3